UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOSEPH HENRY SANTANA,

          Petitioner,

v.

DOUGLAS TASSON,

          Respondent.

_____/

Case No. 2:26-cv-47

Honorable Jane M. Beckering

**<u>OPINION</u>**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court will grant Petitioner leave to proceed *in forma pauperis*.

On July 12, 2022, Petitioner was found guilty by a Livingston County Circuit Court jury on a charge of first-degree criminal sexual conduct (CSC-I) and on a charge of unlawful imprisonment. *See* https://micourt.courts.michigan.gov/case-search/ (accept terms of service, select "Livingston County," enter Last Name "Santana" and First Name "Joseph," select "Search," select Case ID "2021-0000026752-FC") (last visited June 25, 2026). On December 15, 2025, the Court sentenced Petitioner to 14 to 30 years for the CSC-I conviction and 3 to 15 years for the unlawful imprisonment conviction.

Petitioner directly appealed his convictions and sentences. *See* https://www.courts.michigan.gov/case-search/ (select "Cases," enter "Joseph Santana," select "PEOPLE OF MI V JOSEPH HENRY SANTANA" under "COA #362767") (last visited June 25, 2026). On November 22, 2024, the Michigan Supreme Court denied Petitioner leave to appeal. *Id*.

On February 28, 2025, the Michigan Supreme Court denied Petitioner's motion for reconsideration. *Id*. On February 23, 2026, Petitioner filed his habeas petition in this Court.

This case is presently before the Court on Petitioner's motion to stay these proceedings and hold them in abeyance while Petitioner returns to the state court to exhaust his available state court remedies. (ECF No. 2.)

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner states that there are issues raised in his habeas petition that have not been fairly presented to both Michigan appellate courts. He has expressed his intention to return to the state courts to either reopen his direct appeal or to file a motion for relief from judgment in the trial court.

2

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Livingston County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Habeas petitions by state prisoners are subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court.

As noted above, the Michigan Supreme Court denied reconsideration of Petitioner's application for leave to appeal on February 28, 2025. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the 90-day period in which Petitioner could seek such review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The 90-day period expired on May 29, 2025. Petitioner, therefore, had one year from that date, or until May 29, 2026, to file a timely § 2254 petition. Petitioner filed on February 23, 2026, long before the period of limitation had expired. But the period of limitation has now expired. In *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), the Supreme Court concluded that the limitations period is not tolled during the pendency of a federal habeas petition. Thus, as of May 29, 2026, any new claims would be considered untimely.

4

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions including unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, because the statute of limitations has expired, dismissal without prejudice might effectively preclude future federal habeas review. To avoid that harsh result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to petitions that include unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[1] *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). The limitation period has now expired. As a result, were the Court to dismiss Petitioner's § 2254 petition without prejudice for

---

[1]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run.

lack of exhaustion, the dismissal would jeopardize the timeliness of any subsequent petition. *See Palmer*, 276 F.3d at 781.

In light of the foregoing, the Court will stay these proceedings and hold them in abeyance to permit Petitioner to exhaust his state court remedies. Petitioner shall, within thirty days of the date of this Opinion and the accompanying Order, file his motion for relief from judgment in the Livingston County Circuit Court. This action will be stayed, and held in abeyance, until Petitioner files a motion to amend his petition to include any subsequently exhausted claims—such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims, and shall include a description of the newly exhausted claims and the dates and substance of the decision at each step of state-court review. If Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

Petitioner's motion to stay these proceedings (ECF No. 2) will be granted. The Court will order this action to be administratively closed until such time as Petitioner files a motion to amend his petition in accordance with the procedures set forth above.

Dated:    July 2, 2026            /s/ Jane M. Beckering
                                  Jane M. Beckering
                                  United States District Judge